Clarence E. Welch, Appellee, v. Chicago & Alton Railroad Company, Appellant.

Gen. No. 19,977.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed December 31, 1914.

## Statement of the Case.

Action by Clarence E. Welch against the Chicago & Alton Railroad Company, a corporation, to recover damages for personal injuries sustained by plaintiff while in defendant's employ as a brakeman. To reverse a judgment entered on a verdict in favor of plaintiff for ten thousand dollars, defendant appeals.

The facts showed that plaintiff was injured by stumbling over a pile of cinders on the railroad track when he went between moving cars to disconnect the air hose for the purpose of stopping the train in order to avoid a collision with other cars at certain depot grounds, while switching.

Plaintiff's declaration charged that the movement of the cars was an interstate commerce movement and therefore the Federal Employers' Liability Act applied.

The gravamen of the charge in the three counts remaining in the declaration when the case went to the jury was: That the defendant did not provide a reasonably safe place for the plaintiff to work, in that defendant negligently permitted "piles of cinders unnecessarily to be and remain upon its track known as its Peoria main, at Dwight, Illinois, and had negligently failed to use reasonable care to inspect, discover and remove them, thereby making the track not reasonably safe for the plaintiff to work on; that defendant could have discovered the cinders had it used reason-

able care; that plaintiff could not have, and was ignorant of them; that while walking on the track between the cars, which obscured his view of them, he tripped, stumbled over them, and was injured."

Because of the application of the Federal Employers' Liability Act, the defense of fellow-servant was eliminated, and the defense of plaintiff's contributory negligence was urged only in mitigation of the damages.

The defense relied on at the time of the trial, as shown by the briefs and argument of counsel, was that the accident was the result of a danger of which the plaintiff had assumed the risk, and the defendant confines its brief and argument on this appeal to that issue, and contends that the pile of cinders was: (1) An incidental risk and hazard ordinarily connected with the plaintiff's employment; or (2) an extra hazard of which he had had actual notice; or (3) an extra hazard of which he will be presumed to have had notice because they were so patent and obvious; because they were at all times on the Peoria main; because he was by and on this track innumerable times when cinders were on it.

Winston, Payne, Strawn & Shaw, for appellant; Silas H. Strawn, Edward W. Everett and J. Sidney Condit, of counsel.

Francis J. Woolley, for appellee.

Mr. Justice Pam delivered the opinion of the court.

### Abstract of the Decision.

1. Master and servant, § 698*—*when recovery for injury to brakeman sustained by the evidence.* In an action for injuries sustained by a brakeman alleged to have been caused by the negligence of defendant in permitting a pile of cinders on the railroad track, where the defense was that plaintiff assumed the risk, a verdict

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for plaintiff *held* sustained by the evidence, where it was conceded that the pile of cinders caused the injury, and it appeared that plaintiff had no knowledge of the cinders or that he had worked on the line at the particular place in question for several months prior to the injury.

2.  MASTER AND SERVANT, § 766*—*when refusal to direct verdict for defendant proper.* In an action against a railroad company for injuries sustained by plaintiff alleged to have been caused by a pile of cinders in the track, over which he stumbled when he went between moving cars to disconnect the air hose in order to stop the train for the purpose of avoiding a collision, refusal of court to direct a verdict for defendant on the ground that plaintiff was charged with notice of the pile of cinders and that he assumed the risk, *held* not error, where there was evidence tending to show that plaintiff had not worked at the particular place in question for many months and that he had no knowledge of the pile of cinders, and it also appearing that a rule of the company had been posted in the form of a bulletin at various places on the line forbidding the dumping of cinders on tracks at the place in question.